Bv the Court:
This is an action brought by a receiver in proceedings supplementary to set aside a voluntary assignment for the benefit of creditors as fraudulent.
On the cause coming on for trial, after the assignment had been put in evidence and some testimony had been given by the plaintiff, this testimony was with his consent stricken out, and the case rested upon the assignment itself.
The Court took the case from the jury and held that on its face the assignment was fraudulent and void.
The assignment was an .indenture made between Willis H. Bellows and another, of the first part, and George H. Morrison of the second part. It conveys all the property of *306 the “parties” of the first part, to the “party” of the second part, in trust, etc. It then proceeds as follows:
1 ‘ First, The party of the first part shall forthwith take possession of all and singular,” etc., “ and shall sell and dispose,” etc.
“ Second. With, and out of the proceeds of such sales,” etc., “the party of the second part is directed to pay and retain all reasonable costs,” etc.
The alleged fraudulent part of the contract is that in first, item, “party of the first part.” No one can read the assignment and hesitate to see that this was a clerical error. Many of the following items (there are seventeen in all), show this. The second above quoted is one of them. So1 are the fourth, fifth, sixth, seventh, eighth, ninth, twelfth, thirteenth, fourteenth, fifteenth; in each of which the-words “party of the second part ” are used in a way inconsistent with any other view than that there was a clerical error in item first.
Another circumstance may be noted. Whenever in other places (about eight in number), the assignors are mentioned, they are called “parties of the first part,” not party. This, is a further indication, if one was needed, that the words in item first was a clerical error for “party of the second part.”
This is not a case where it is necessary to reform the-instrument. That remedy is needed when the real and true interest of the parties can not be discovered from the instrument itself. Here no extraneous evidence is needed. The true meaning and intent can not be doubted, and such meaning and intent must not fail on account of a mere clerical error manifest to any reader. We do not think it necessary to cite authorities on this point. Many of them are referred to in Fairchild v. Linch (42 N. Y. Super. Ct., 265), and others still are set forth in the brief of the appellant’s counsel.
It can hardly be doubted that if the assignors had attempted to take possession under this first item, the assignee could have successfully prevented such an attempt. If, then, as between the assignors and assignee this clerical error would have been disregarded, it can not avail this plaintiff. He cannot claim a different construction of the words of the instrument from that which it would have-had between the parties.
We think the judgment should be reversed, and anew trial granted, costs to abide the event.
Opinion by Learned, P. J.; Bocees and Landon, JJ., concur.